Stout v. Hopping.

---

### STOUT v. HOPPING.

In matter of Highway.

This court will not order a mandamus to the court of Common Pleas, to record the return of a road, which they had set aside for the omission to note on the map or return, the improvements consisting of enclosed and cultivated fields, across which, the road was laid.

*Harsthorne* for applicants.

*Vredenbergh,* contra.

The opinion of the court, was delivered by

DAYTON, J. The Common Pleas of Monmouth set aside the return of Surveyors laying out a road in the township of Middletown, because the *improvements* did not appear on the map accompanying the return, nor on the return itself, as required by the statute. *Rev. L.* 615, sec. 6. These improvements consist of certain inclosed and cultivated fields across which the road runs. The object of this application for a mandamus, is to compel the Common Pleas to record the return of the Surveyors.

This court has gone very far in extending this remedy, but never so far as this. The party's remedy if the Pleas were wrong, is by *Certiorari*, not mandamus. They were in the exercise of an undoubted legal right in judging of the Surveyors' return. This has often been decided in this court. Their order or summary judgment is perfectly valid until it is set aside by a competent tribunal. This writ of mandamus never lies to

review a decision simply because it is a wrong decision; *Rex* v. *Worcestershire,* 18 *Eng. C. L.* 190; *Rex* v. *Monmouthshire,* 10 *Eng. C. L.* 459; *Rex* v. *Justice,* 18 *Eng. C. L.* 57; unless indeed where a court has erroneously denied to itself *jurisdiction,* and for that reason refused to act at all, 1 *Chitty's Practice,* 197; and see also the several cases of mandamus in this court, re-instating appeals dismissed for a supposed want of jurisdiction. The case being therefore clearly within the jurisdiction of the Common Pleas—that court having acted upon the return, judged of it, and set it aside for alleged defects apparent on its face, we cannot interfere with that decision in this extraordinary and summary way. To grant this writ, we must first assume that the order or judgment of the Pleas, is utterly void; which we have no right to do.

This application was based upon false premises. It was argued that we should compel the Common Pleas to *re-instate* the proceedings, and proceed in the matter; as we compel them to re-instate an appeal and proceed to a hearing. There is no analogy between the two. In the case of an appeal, the court of Common Pleas refuses to take upon itself a *jurisdiction* which the law gives it. It will not act at all on the matter before it, but dismiss it. In the present case, the court has assumed its rightful jurisdiction—judged on the matter before it, and for defects apparent upon the papers, set it aside. This distinction between *dismissing* a proceeding, and *setting it aside,* is perfectly obvious. We may dismiss, or in other words, refuse to act upon a case brought into this court on *Certiorari,* for want of a bond, and we may set that case aside, or in other words reverse it, for defects apparent upon the record. Precisely as the Common Pleas have done in the case now before us; they have set it aside for defects apparent on the papers.

I at first, thought it might be useful to go at some length into the nature of the writ of mandamus, but upon reference to 1 *Chitty's Practice, tit. Mandamus,* I find the whole subject treated of at length, and a full reference to the cases. I content myself therefore, by referring generally to that head, in the book mentioned.

It is not necessary to say whether the court below committed an error in their decision.

The first question being settled against this application, it leaves nothing more to be decided.

*Mandamus denied.*